**UNCLASSIFIED**

FD-1035 (REV 2017-06-30)

U.S. DEPARTMENT OF JUSTICE/FEDERAL BUREAU OF INVESTIGATION

# SUBPOENA

**Subpoena number:** `962906`   When responding please reference this subpoena number.

**In the matter of case number(s):** `305J-MP-3762914-SBP`

| | | | |
|---|---|---|---|
| **TO:** | Discord, Inc.<br>Legal Department | **TELEPHONE:** | 888-594-0085 |
| **ADDRESS:** | 444 De Haro St, Suite 200<br>San Francisco, CA 94107 | **FAX:** | -- |

## GREETING:

By the service of this subpoena upon you by **Kiana Amanda Tanaka**, who is authorized to serve it, you are hereby commanded and required to disclose to **Kiana Amanda Tanaka**, a representative of the FBI, the following information `Customer or subscriber name, address of service, and billing address; Length of service (including start date and end date); Records of session times and duration for Internet connectivity; Telephone or Instrument number (including IMEI, IMSI, UFMI, and ESN) and/or other customer/subscriber number(s) used to identify customer/subscriber, including any temporarily assigned network address (including Internet Protocol addresses)` which may be relevant to an authorized law enforcement inquiry, involving the following:  - Continued on Attachment A.

Please see the attached page explaining some terms that may be used in this demand. All time values are in the US/Eastern time zone, unless otherwise indicated.

**THE INFORMATION SOUGHT THROUGH THIS SUBPOENA RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING CONDUCTED BY THE FBI.**

**YOUR COMPANY IS REQUIRED TO FURNISH THIS INFORMATION.**

**YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE COULD INTERFERE WITH AN ONGOING INVESTIGATION AND ENFORCEMENT OF THE LAW.**

Compliance must be made by personal appearance or production of records no later than the **`09th`** day of **`June, 2024`** at **`09:00 o'clock AM`**, at **`1721 Burlington Drive, Suite B, Bismarck, ND 58504`**.

In lieu of a personal appearance, the information can be provided, via email, marked to the attention of **`Kiana Tanaka,`** at the following email: **`Katanaka@fbi.gov`**.

If you refuse to obey this subpoena, the United States Attorney General may invoke the aid of a United States District Court to compel compliance. Your failure to obey the resulting court order may be punished as contempt.

Issued under authority of Public Law No. 106-544, §5(a)
(18 U.S.C. §3486)

ORIGINAL

**Signature:** S/ Daniel Genck

**Name:** `Daniel Genck`
**Title:** `Supervisory Special Agent`
**Issued this** `10th` **day of** `May`, `2024`

**UNCLASSIFIED**

**UNCLASSIFIED**

| Case number(s): 305J-MP-3762914-SBP | | Subpoena number: 962906 |
|---|---|---|
| Public Law 544 - 106th Congress 2nd Session, H.R. 3048n, AN ACT | | |
| (a) Authorization.—(1)(A) In any investigation of— (i)(I) a Federal health care offense; or (II) a Federal offense involving the sexual exploitation or abuse of children, the Attorney General; or (ii) an offense under section 871 or 879, or a threat against a person protected by the United States Secret Service under paragraph (5) or (6) of section 3056, if the Director of the Secret Service determines that the threat constituting the offense or the threat against the person protected is imminent, the Secretary of the Treasury, may issue in writing and cause to be served a subpoena requiring the production and testimony described in subparagraph (B). (B) Except as provided in subparagraph (C), a subpoena issued under subparagraph (A) may require— (i) the production of any records or other things relevant to the investigation; and (ii) testimony by the custodian of the things required to be produced concerning the production and authenticity of those things. (C) A subpoena issued under subparagraph (A) with respect to a provider of electronic communication service or remote computing service, in an investigation of a Federal offense involving the sexual exploitation or abuse of children shall not extend beyond— (i) requiring that provider to disclose the information specified in section 2703(c)(2), which may be relevant to an authorized law enforcement inquiry; or (ii) requiring a custodian of the records of that provider to give testimony concerning the production and authentication of such records or information. (D) As used in this paragraph, the term "Federal offense involving the sexual exploitation or abuse of children" means an offense under section 1201, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423, in which the victim is an individual who has not attained the age of 18 years. (2) A subpoena under this subsection shall describe the objects required to be produced and prescribe a return date within a reasonable period of time within which the objects can be assembled and made available. (3) The production of records relating to a Federal health care offense shall not be required under this section at any place more than 500 miles distant from the place where the subpoena for the production of such records is served. The production of things in any other case may be required from any place within the United States or subject to the laws or jurisdiction of the United States. (4) Witnesses subpoenaed under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States. (5) At any time before the return date specified in the summons, the person or entity summoned may, in the United States district court for the district in which that person or entity does business or resides, petition for an order modifying or setting aside the summons, or a prohibition of disclosure ordered by a court under paragraph (6). (6)(A) A United State district court for the district in which the summons is or will be served, upon application of the United States, may issue an ex parte order that no person or entity disclose to any other person or entity (other than to an attorney in order to obtain legal advice) the existence of such summons for a period of up to 90 days. (B) Such order may be issued on a showing that the things being sought may be relevant to the investigation and there is reason to believe that such disclosure may result in— (i) endangerment to the life or physical safety of any person; (ii) flight to avoid prosecution; (iii) destruction of or tampering with evidence; or (iv) intimidation of potential witnesses. (C) An order under this paragraph may be renewed for additional periods of up to 90 days upon a showing that the circumstances described in subparagraph (B) continue to exist. (7) A summons issued under this section shall not require the production of anything that would be protected from production under the standards applicable to a subpoena duces tecum issued by a court of the United States. (8) If no case or proceeding arises from the production of records or other things pursuant to this section within a reasonable time after those records or things are produced, the agency to which those records or things were delivered shall, upon written demand made by the person producing those records or things, return them to that person, except where the production required was only of copies rather than originals. (9) A subpoena issued under paragraph (1)(A)(i)(II) or (1)(A)(ii) may require production as soon as possible, but in no event less than 24 hours after service of the subpoena. (10) As soon as practicable following the issuance of a subpoena under paragraph (1)(A)(ii), the Secretary of the Treasury shall notify the Attorney General of its issuance. (b) Service.—A subpoena issued under this section may be served by any person who is at least 18 years of age and is designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service. (c) Enforcement.—In the case of contumacy by or refusal to obey a subpoena issued to any person, the Attorney General may invoke the aid of any court of the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony concerning the production and authentication of such records. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found. (d) Immunity From Civil Liability.—Notwithstanding any Federal, State, or local law, any person, including officers, agents, and employees, receiving a subpoena under this section, who complies in good faith with the subpoena and thus produces the materials sought, shall not be liable in any court of any State or the United States to any customer or other person for such production or for nondisclosure of that production to the customer. (e) Limitation on Use.—(1) Health information about an individual that is disclosed under this section may not be used in, or disclosed to any person for use in, any administrative, civil, or criminal action or investigation directed against the individual who is the subject of the information unless the action or investigation arises out of and is directly related to receipt of health care or payment for health care or action involving a fraudulent claim related to health; or if authorized by an appropriate order of a court of competent jurisdiction, granted after application showing good cause therefor. (2) In assessing good cause, the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. (3) Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure. | | |

**UNCLASSIFIED**

**UNCLASSIFIED**

| Case number(s): 305J-MP-3762914-SBP | ATTACHMENT A | Subpoena number: 962906 |
|---|---|---|
| Please provide the above information for the following User IDs from account creation to present- 1172876680130482288 and 1211872020497825843. |||

**UNCLASSIFIED**

UNCLASSIFIED

| | |
|---|---|
| | **Subpoena number:** 962906 |// 

| |
|---|
| *TERMINOLOGY* |
| **IMPORTANT NOTE** This part is not a demand but an explanation of some terms used in the subpoena and some suggestions to help with compliance. The actual information demanded by this subpoena is set forth on the front of the subpoena or in Attachment A, if so indicated on the first page. The terms explained here may or may not be part of the information demanded. |
| > **If** the subpoena makes a demand for "local and long distance connection records, or records of session times and durations" for telephone or cell phone service, that means to include the following records if your company maintains these records--- |
| <ul><li>Incoming and outgoing local, regional, long distance, international, wholesale, cellular, paging, toll free, and prepaid connection records;</li><li>Credit card calls (including, but not limited to, calls made through major credit card companies); and</li><li>Alternate billed number calls (calls billed to third parties, collect calls, and calling card calls for calls through cards issued by the communications carrier originating from the foregoing telephone number(s) or terminating at the foregoing telephone numbers(s)).</li></ul> |
| > **If** the subpoena makes a demand for "length of service," include the start date and the close date if the account closed. |
| > **If** the subpoena makes a demand for customer or subscriber address, include both the postal address and physical address, if known. |
| > **If** the subpoena makes a demand for "means and source of payment" that means-- <ul><li>Method of payment to initiate and maintain service; and</li><li>Any available identification numbers for method of payment, including credit card numbers or prepaid calling card numbers.</li></ul> |
| > **We are not directing that you provide, and you should not provide, information pursuant to this subpoena that would disclose the content of any wire communication.** That means you should not disclose "any information concerning the substance, purport, or meaning of" a communication, as defined in Title 18 United States Code, Section 2510(8). Subject lines of e-mails are content information and should not be provided in response to this subpoena. |
| > **If** the records provided are particularly large we request that you provide this information in electronic format preferably on a CD-ROM. |

UNCLASSIFIED